LAW OFFICES OF R. EMMETT MADDEN
R. EMMETT MADDEN, ESQUIRE
NO. 86894
711 WEST AVE
JENKINTOWN, PA 19046
TELE: 215-884-9300
FAX: 215-701-4214

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Muneer Mustafa Tawam, | : | Dkt. No. |
| Plaintiff | : | |
| v. | : | |
| | : | Jury Trial Demanded |
| GNC Community Federal Credit Union, | : | |
| Defendant | : | |

### PLAINTIFF'S COMPLAINT

1. Plaintiff Muneer Mustafa Tawam ("Plaintiff"), a resident of the Commonwealth of Pennsylvania, residing therein at 2720 Holme Avenue, Philadelphia, PA 19152, makes the following allegations based on his personal knowledge of his own acts and, otherwise, upon information and belief including based on investigation of counsel, against Defendant GNC Community Federal Credit Union ("Defendant"), a federal credit union with its principal place of business at 201 S. Jefferson St., New Castle, PA 16101.

### I. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1)-(3) because Defendant resides in this District, Defendant's principal place of business is in this District, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, and Defendant is subject to personal jurisdiction in this District.

## II. THE PARTIES

4. Plaintiff is an adult, and is permanently blind and uses a screen reader in order to access the internet and read website content. Despite several attempts to use and navigate the website of Defendant, www.gncfcu.com, Plaintiff has been denied the full use and enjoyment of the facilities and services of gncfcu.com as a result of accessibility barriers on gncfcu.com. The access barriers on gncfcu.com have caused a denial of Plaintiff's full and equal access multiple times. Similarly, the access barriers on gncfcu.com have deterred Plaintiff from visiting Defendant's credit union locations.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is a federal credit union with its principal place of business located in New Castle, Pennsylvania, in this District. Plaintiff is informed and believes, and thereon alleges, that Defendant owns and operates credit union locations in Pennsylvania. The credit union locations constitute places of public accommodation. Defendant's locations provide to the public important goods and/or services. Defendant also provides to the public the gncfcu.com website. Gncfcu.com provides access to Defendant's array of services, including a locator for Defendant's facilities, information that enables a person without an

account to learn what services Defendant has to offer potential customers including descriptions of its amenities and services that enable a user to obtain general information about particular topics and specific information about what Defendant offers, and many other benefits related to these facilities and services. Defendant's facilities are public accommodations within the definition of Title III of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181(7). Gncfcu.com is a service, privilege, advantage, and accommodation of Defendant's facilities. Gncfcu.com is a service, privilege, advantage, and accommodation that is heavily integrated with these locations.

6. At all times relevant to the Complaint, Defendant was acting through its agents, servants and/or employees.

### III. FACTUAL BACKGROUND

### Applicability of the ADA to Commercial Websites

7. The Internet has become a significant source of information, a portal and tool for conducting business, and a means for doing everyday activities such as shopping, banking, etc. for both the sighted and blind, and/or visually-impaired persons.

8. Blind individuals may access websites by using keyboards in conjunction with screen-reading software that vocalizes visual information on a computer screen. Screen access software provides the only method by which a blind person may independently access the internet. Unless websites are designed to be read by screen reading software, blind persons are unable to fully access websites and the information, products and services contained thereon.

9. The international website standards organization, W3C, has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0"). WCAG 2.0 are well-established guidelines for making websites accessible to blind and visually-impaired people. These guidelines are successfully followed by numerous large business entities to ensure their websites are accessible. These guidelines recommend several basic components for making websites accessible including, but not limited to: adding invisible alternative text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible; and adding headings so that blind people can easily navigate websites. Without these very basic components, a website will be inaccessible to a blind or visually-impaired person using a screen reader.

10. Within this context, numerous federal courts have recognized the viability of ADA claims against commercial website owners/operators with regard to the accessibility of such websites. *See, e.g., Andrews v. Blick Art Materials, LLC*, -- F. Supp. 3d --, 2017 WL 3278898, at *12, *15-*18 (E.D.N.Y. Aug. 1, 2017) (Weinstein, J.); *Thurston v. Chino Commercial Bank, N.A.*, No. CV 17-01078 BRO (JCx), 2017 WL 3224681, at *5 (C.D. Cal. July 27, 2017) (citing *Gorecki*); *Markett v. Five Guys Enterprises LLC*, No. 1:17-cv-00788-KBF, slip op. at 4-6 [ECF #33] (S.D.N.Y. July 21, 2017); *Gorecki v. Hobby Lobby Stores, Inc.*, No. 2:17-cv-01131-JFW-SK, 2017 WL 2957736 (C.D. Cal. June 15, 2017) (Walter, J.) (denying a motion to dismiss sought against ADA and California's Unruh Civil Rights Act claims) ("[T]his is a relatively straightforward claim that

Hobby Lobby failed to provide disabled individuals full and equal enjoyment of goods and services . . . by not maintaining a fully accessible website. There is nothing unique about this case, as federal courts have resolved effective communication claims under the ADA in a wide variety of contexts-- including cases involving allegations of unequal access to goods, benefits and services provided through websites."); *Gil v. Winn-Dixie Stores, Inc.*, No. 16-23020-Civ-Scola, -- F. Supp. 3d --, 2017 WL 2547242, at *7 (S.D. Fla. June 13, 2017) (finding that the defendant, a large supermarket chain, had violated the plaintiff's rights under the ADA by failing to maintain an accessible website after a non-jury trial); *Frazier v. Ameriserv Financial Bank*, Nos. 2:16-cv-01898-AJS (Lead Case), 17cv0031 [ECF #107], slip op. at 20 (W.D. Pa. Apr. 21, 2017) (denying a motion to dismiss an ADA claim alleging an inaccessible commercial website); *Frazier v. Churchill Downs Inc.*, Nos. 2:16-cv-01898-AJS (Lead Case), 2:16-cv-0007 (Member Case) [ECF #107] slip op. at 20 (W.D. Pa. Apr. 21, 2017) (same); *OmahaSteaks.com, Inc. v. Access Now, Inc., et al.*, No. 8:17-cv-00060-LSC-CRZ [ECF #9-1] (D. Neb. Apr. 17, 2017) (consent decree); *Access Now, Inc., et al. v. Omahasteaks.com, Inc.*, Nos. 2:16-cv-01898-AJS (Lead Case), 2:17-cv-00269-AJS (Member Case) [ECF #99] (W.D. Pa. Apr. 11, 2017 (same); *Gil v. Winn-Dixie Stores, Inc.*, -- F. Supp. 3d --, No. 16-23020-Civ-Scola, 2017 WL 2609330 (S.D. Fla. Mar. 15, 2017) (denying a motion for judgment on the pleadings sought against an ADA claim alleging an inaccessible commercial website); *Nat'l Ass'n of the Deaf v. Harvard Univ.*, Case 3:15-cv-30023-MGM, 2016 WL 3561622, at *12-*20 (D. Mass. Feb. 9,

5

2016) (Robertson, Mag. J.) (recommending the denial of a motion to dismiss or stay predicated on the primary jurisdiction doctrine), *adopted in Nat'l Ass'n of the Deaf v. Harvard Univ.*, Case 3:15-cv-30023-MGM, 2016 WL 6540446, at *1-*3 (D. Mass. Nov. 3, 2016) (Mastroianni, J.); *Nat'l Ass'n of the Deaf v. Massachusetts Inst. of Tech.*, Case 3:15- cv-30024-MGM, 2016 WL 3561631, at *1 (D. Mass. Feb. 9, 2016) (Robertson, Mag. J.)(recommending the denial of a motion to dismiss or stay predicated on the primary jurisdiction doctrine), *adopted in Nat'l Ass'n of the Deaf v. Massachusetts Inst. of Tech.*, Case 3:15-cv-30024-MGM, 2016 WL 6652471, at *1 (D. Mass. Nov. 4, 2016) (Mastroianni, J.); *Edward Davis v. Orlando Wilshire Investments Ltd., et al.*, No. 5:15-cv-01738-MWF-KK, slip op. at 10 [ECF #17] (C.D. Cal. Nov. 2, 2015) (Fitzgerald, J.) (denying motion to dismiss in a website accessibility case) ("the Court concludes that the Complaint sufficiently alleges that the inaccessibility of the Website impedes the full and equal enjoyment of the Hotel."); *Nat'l Fed'n of the Blind v. Scribd, Inc.*, 98 F. Supp.3d 565, 576 (D. Vt. 2015) (denying a motion to dismiss an ADA claim against a commercial website operator); *James Patrick Brown v. BPS Direct, LLC, et al.*, Case No. LACV 14-04622 JAK (JEMx) slip op. at 4-7 [ECF #30] (C.D. Cal. Oct. 6, 2014) (Krondstadt, J.) (denying the defendant's motion to dismiss while relying on the *Target* decision as "persuasive", and holding "the Complaint does allege that Bass Pro Shops is a chain of brick-and-mortar stores and that BassPro.com is a website providing information about Bass Pro Shops products, offers, and locations.... [and that] a nexus could be established here through discovery.");

6

*Penney v. Kohl's Dep't Stores, Inc., et al.*, No. 8:14-cv-01100-CJC-DFM [ECF #12] slip op. at 3 (C.D. Cal. Sept. 23, 2014) (Carney, J.) (denying a motion to dismiss and stating, "Thus, the Complaint states plausible facts that establish the requisite nexus between the challenged service and the place of public accommodation."); *National Ass'n of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196, 200 (D. Mass. 2012) (excluding web-based services would "run afoul of the purposes of the ADA and would severely frustrate Congress's intent that individuals with disabilities fully enjoy the goods, services, privileges, and advantages available indiscriminately to other members of the general public"); *id.* at 200-01 ("[T]he legislative history of the ADA makes clear that Congress intended the ADA to adapt to changes in technology.") (quoting H.R. Rep. 101-485(II), at 108 (1990)) ("[T]he Committee intends that the types of accommodation and services provided to individuals with disabilities, under all of the titles of this bill, should keep pace with the rapidly changing technology of the times."); *Shields v. Walt Disney Parks and Resorts US, Inc.*, 279 F.R.D. 529, 559 (C.D. Cal. 2011) (rejecting as "unpersuasive" Disney's argument that "there is no accepted accessibility standard" and the argument that the DOJ has yet to determine what standards to apply to websites and stating, "The lack of a widely accepted standard for website accessibility does not preclude injunctive relief that would improve access to Defendants' websites by the visually impaired."); *Nat'l Federation of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 953 (N.D. Cal. 2006) ("To limit the ADA to discrimination in the provision of services occurring on the premises of a public accommodation would contradict

the plain language of the statute."); *id.* at 953-54 ("consistent with the plain language of the statute, no court has held that under the nexus theory a plaintiff has a cognizable claim only if the challenged service prevents physical access to a public accommodation. Further, it is clear that the purpose of the statute is broader than mere physical access—seeking to bar actions or omissions which impair a disabled person's "full enjoyment" of services or goods of a covered accommodation. 42 U.S.C. § 12182(a). Indeed, the statute expressly states that the denial of equal "participation" or the provision of "separate benefit[s]" are actionable under Title III. *See* 42 U.S.C. § 12182(b)(1)(A)."); *cf. Hindel v. Husted*, No. 2017 WL 432839, at *7 (S.D. Ohio Feb. 1, 2017) (granting a motion for preliminary injunction against the Ohio Secretary of State based on the accessibility of the state's website under Title II of the ADA and requiring conformance with WCAG 2.0 Level A and AA Success Criteria).

**The Inaccessibility of Defendant's Website to the Visually-Impaired**

11. Defendant offers the commercial website, gncfcu.com, which provides, among other things, information concerning the credit union locations it operates, information and descriptions of its amenities and services, privileges, advantages, and accommodations, and allows users to find the locations for them to visit.

12. Based on information and belief, it is Defendant's policy and practice to deny blind users, including Plaintiff, equal enjoyment of and access to gncfcu.com. Due to Defendant's failure and refusal to remove access barriers on gncfcu.com, Plaintiff and other blind and visually impaired individuals have been denied

equal enjoyment of and access to Defendant's locations and to the other services, advantages, privileges, and accommodations offered to the public through gncfcu.com.

13. Defendant denies blind individuals equal enjoyment of and access to the services, privileges, advantages, and accommodations and information made available through gncfcu.com by preventing them from freely navigating gncfcu.com. Gncfcu.com contains access barriers that prevented free and full use by blind persons using screen reading software.

14. Gncfcu.com's barriers are pervasive and include, but are not limited to, the following: (1) Missing alternative text which presents a problem because an image without alternative text results in an empty link. Alternative Text is invisible code embedded beneath a graphical image on a website. Web accessibility requires that Alternative Text be coded with each picture so that a screen reader can speak the Alternative Text where a sighted user sees pictures. Alternative Text does not change the visual presentation, but instead a text box will pop-up when the mouse moves over the picture. The lack of Alternative Text on these graphics prevents screen readers from accurately vocalizing a description of the graphics. As a result, visually-impaired GNC Community Federal Credit Union customers are unable to determine what is on the website, browse the site, look for Defendant's locations, check out Defendant's amenities, and/or determine which location to visit; (2) Document language is missing, which means that the language of the document is not identified. This is a problem because identifying the language of the page

allows screen readers to read the content in the appropriate language. It also facilitates automatic translation of content; (3) Empty or missing form labels which presented a problem because if a form control does not have a properly associated text label, the function or purpose of that form control may not be presented to screen reader users. Form labels provide visible descriptions and larger clickable targets for form controls; and (4) Empty links that contain no text causing the function or purpose of the link to not be presented to the user. This can introduce confusion for keyboard and screen reader users.

15. Due to the inaccessibility of gncfcu.com, blind and otherwise visually impaired customers who use screen readers are hindered from effectively browsing for Defendant's locations, amenities and services, privileges, advantages, and accommodations that exist online unlike sighted users. If gncfcu.com were accessible, Plaintiff could independently and privately investigate Defendant's services, privileges, advantages, and accommodations and amenities, and find the locations to visit via Defendant's website as sighted individuals can and do.

16. Despite several attempts to use gncfcu.com in recent months, the numerous access barriers contained on Defendant's website have denied Plaintiff's full and equal access, and deterred Plaintiff on a regular basis from accessing Defendant's website. Similarly, based on the numerous access barriers contained on gncfcu.com, Plaintiff has been deterred from visiting Defendant's physical locations that Plaintiff may have located by using gncfcu.com.

### IV. CIVIL CLAIMS

### COUNT I
### Violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

17. Plaintiff incorporates his allegations set forth above as if fully and completely set forth at length herein.

18. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

19. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden". 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). "A public accommodation shall take those steps that may be necessary to ensure that no

individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a). In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii).

20. Defendant's locations are "public accommodations" within the meaning of 42 U.S.C. § 12181 *et seq*. Defendant generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages, and accommodations in Pennsylvania through its locations and related services, privileges, advantages, and accommodations and gncfcu.com. Gncfcu.com is a service, privilege, advantage, and accommodation provided by Defendant that is inaccessible to patrons who are visually-impaired like Plaintiff. This inaccessibility denies visually-impaired patrons full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that Defendant made available to the non-disabled public. Defendant is violating the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, in that Defendant denies visually-impaired customers the services,

privileges, advantages, and accommodations provided by gncfcu.com. These violations are ongoing.

21. Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* in that: Defendant has constructed a website that is inaccessible to Plaintiff; maintains the website in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause.

22. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

WHEREFORE, Plaintiff prays for judgment and relief as follows:

A. For preliminary and permanent injunctive relief pursuant to 42 U.S.C. § 12188(a)(1) and (2), requiring Defendant to take the steps necessary to make gncfcu.com readily accessible to and usable by visually-impaired individuals;

B. Plaintiff's reasonable attorneys' fees and court costs; and

C. Such other and further relief as the Court may deem necessary and appropriate.

Respectfully submitted,

LAW OFFICES OF R. EMMETT MADDEN, P.C.

BY: _____
R. EMMETT MADDEN, ESQUIRE
Attorney ID: 86894
711 West Ave
Jenkintown, PA 19046
215-884-9300